# Rhea Miller v. The Merchants Bank

[415 A.2d 196]

No. 312-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed April 8, 1980

*James H. Wick* of *Dinse, Allen & Erdmann,* Burlington, for Plaintiff.

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Defendant.

**Daley, J.** This is an appeal from an order granting summary judgment in favor of defendant, The Merchants Bank, on plaintiff's claim of breach of contract and conversion. Defendant's motion for summary judgment was supported by sworn answers to interrogatories, V.R.C.P. 33(a), and by photocopies of documents submitted in response to plaintiff's request to produce, V.R.C.P. 34. Plaintiff has failed to file any rebutting materials. Based upon the pleadings and defendant's supporting materials, the following facts emerge as either uncontroverted, or not properly controverted. On April 18 and July 1, 1974, plaintiff deposited $6,000 and $20,000 respectively, in four-year time accounts with interest at 7¼%. For each of these deposits, certificates of deposit payable to "Kenneth or Rhea Miller or order" were issued. On July 1, 1974,

Kenneth Miller assigned the July 1 certificate to the defendant, as security for a loan then given, and "as security for payment of any other debts or liabilities of the undersigned to [defendant] now in existence or hereinafter contracted." On April 30, 1976, Kenneth Miller assigned the April 18, 1974, certificate to defendant for a new loan, with an identical future advance clause. Kenneth Miller has been indebted to the defendant at all times from the first assignment to the commencement of this litigation.

Although not required by law upon the granting of summary judgment, V.R.C.P. 52(a), the trial court made findings and conclusions, which are helpful for purposes of appellate review. *Sykas* v. *Kearns*, 135 Vt. 610, 612–13, 383 A.2d 621, 623 (1978). Based on the facts stated above, the trial court concluded that there was no genuine issue as to any material fact, and that defendant was entitled to judgment as a matter of law. V.R.C.P. 56(c). Accordingly, the court granted defendant's motion for summary judgment. Plaintiff then moved for amendment of the findings and conclusions, V.R.C.P. 52(b), and for a rehearing to allow introduction of an affidavit in opposition to summary judgment, V.R.C.P. 59(a). These motions were denied. Plaintiff appeals, stating the issue before this Court as: "Did the Court err by granting defendant's Motion For Summary Judgment?"

■ ■ Summary judgment is appropriate only when the material properly before the court clearly shows that there is no genuine issue as to any material fact. V.R.C.P. 56(c); *Sykas* v. *Kearns, supra,* 135 Vt. at 612, 383 A.2d at 623. We have pointed out, however, that "[o]nce a claim is challenged by motion for summary judgment, accompanied by . . . affidavits or other documentary evidence sufficient to call into question the existence of the factual basis for the claim, the person advancing the claim may not rest upon his mere allegations, but must come forward with an opposing affidavit or other evidence that raises a dispute as to the fact or facts in issue." *Alpstetten Association, Inc.* v. *Kelly*, 137 Vt. 508, 514, 408 A.2d 644, 647 (1979); accord, V.R.C.P. 56(e); *Wisell* v. *Jorgensen*, 136 Vt. 604, 605, 398 A.2d 283, 284 (1979) (per curiam). If the opposing party "does not so respond, summary judgment, *if appropriate,* shall be entered against him."

V.R.C.P. 56(e) (emphasis added). Therefore, the failure to respond does not require an automatic summary judgment; rather, two requirements must be met: (1) the supporting materials must be both formally and substantively sufficient to show the absence of a fact question, and (2) summary judgment must be appropriate in the sense that the moving party is entitled to judgment as a matter of law. See *Alpstetten Association, Inc.* v. *Kelly, supra,* 137 Vt. at 514–15, 408 A.2d at 647–48.

In this case, there is some question as to whether unsworn and uncertified copies of documents are technically sufficient to support summary judgment. See *Macklin* v. *Butler,* 553 F.2d 525, 528 n.1 (7th Cir. 1977); *Hamilton* v. *Keystone Tankship Corp.,* 539 F.2d 684, 686 (9th Cir. 1976). This issue is waived, however, by the failure of the plaintiff to raise it, and therefore the trial court could properly have considered these documents. *Wakeham* v. *Omega Construction Co.,* 96 Ariz. 336, 339, 395 P.2d 613, 614–15 (1964) (en banc); 10 C. Wright & A. Miller, Federal Practice and Procedure § 2722, at 486 (1973).

The key question, therefore, is whether defendant is entitled to judgment as a matter of law upon the facts established by the supporting materials. To determine this question, we must analyze the validity of the pledges.[1]

■ The photocopies of the certificates of deposit demonstrate that they are negotiable instruments within Article 3 of Vermont's Uniform Commercial Code (Title 9A). Section 3—104 of the Code provides:

(1) Any writing to be a negotiable instrument within this article must

 (a) be signed by the maker or drawer; and
 (b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this article; and

---

[1] We note that pledges of certificates of deposit are excluded from Article 9 of the Uniform Commercial Code by 9A V.S.A. § 9—104(k). Therefore, the security interest aspect of these transactions will be treated under our general law of pledges.

(c) be payable on demand or at a definite time; and
(d) be payable to order or to bearer.

The certificates of deposit are signed by the defendant as maker, in that defendant's name is printed on them, and the actual signature is that of an employee of defendant whose authority is not challenged here. See §§ 3—401(2), and comment 2; 1—201(39), and comment 39; 3—403(1), and comment 1. Without going into a detailed analysis, we find that the photocopies of the certificates demonstrate that the criteria of §§ 3—104(1)(b) and (1)(c) are met. Finally, as § 3—110(1)(d) makes clear, the language "payable to Kenneth or Rhea Miller or order" satisfies the criterion of § 3—104(1)(d). Therefore, these instruments are negotiable certificates of deposit under the Code. § 3—104(2)(c), and comment 4.

 The determination of negotiability helps determine whether Kenneth Miller had the power to assign these certificates. Section 3—116 of the Code states:

An instrument payable to the order of two or more persons
(a) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it . . . .

Since Kenneth had the power to negotiate the entire interest in the certificates individually, see § 3—202, it follows that he had the lesser power to assign a security interest in the certificates, *State* v. *McClellan*, 82 Vt. 361, 364, 73 A. 993, 994 (1909) ; see § 3—201(2). This assignment vested in defendant as pledgee such rights as its pledgor had in the instrument to the extent of the security agreement, § 3—201(2), which includes the right to possession of the instrument until the secured debt is discharged, *Dieter* v. *Scott*, 110 Vt. 376, 384, 9 A.2d 95, 98 (1939).

 Plaintiff claims conversion and breach of contract. To make out a claim for conversion, however, plaintiff must show an immediate right to possession. *Campbell* v. *Bryant*, 98 Vt. 486, 490, 129 A. 299, 301 (1925). Since such right, as explained above, has vested in the defendant as pledgee, de-

fendant is not liable for conversion unless and until it refuses to release the collateral upon payment or tender of the debts secured, *Benior* v. *Paquin,* 40 Vt. 199, 206 (1867), or otherwise wrongfully appropriates the collateral.

■ ■ Due to the peculiar nature of negotiable instruments, plaintiff's breach of contract claim likewise fails. Unlike ordinary contract rights, all rights arising out of a negotiable instrument, barring theft, loss or destruction, are tied to possession of the instrument itself. Thus, while the maker contracts to pay the instrument according to its tenor, § 3—413(1), it is only a holder who can enforce payment on the instrument, § 3—301, and to qualify as a holder one must have possession of the instrument, § 1—201(20). Therefore, because plaintiff does not have possession or a right to possession which she can translate into actual possession, she cannot enforce any rights under the certificates, and the defendant has not breached its contractual obligations to her.

From what has been said above, it follows that, on the theories pleaded, defendant was entitled to judgment as a matter of law. Accordingly, there being no genuine dispute as to any material fact, summary judgment was properly granted.

*Judgment affirmed.*