STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| In re: Legrove and Paznokaitis Variance Application | } | Docket No. 19-1-08 Vtec |
|  | } |  |

Decision and Order on Motion for Summary Judgment

Appellants Teresa Legrove and Neil Paznokaitis appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Swanton, denying their application for a variance for the construction of a deck.

Appellants have appeared and represent themselves. Neither the Town of Swanton nor any other party has entered an appearance; accordingly, Appellants have presented the merits of their appeal by summary judgment, supplemented at the Court's request by copies of the applications and plans or sketch plans referred to in their argument. Appellants also did not provide the Court with a copy of the Swanton Land Use and Development Regulations (Regulations) for use in its analysis of this application. The Court staff has obtained a copy from the Town (last amended October 18, 2005).

Even in a case in which no other parties have entered an appearance, it is not appropriate for the Environmental Court simply to grant the relief requested by an appellant as if by default. In re: Free Heel, Inc., d/b/a Base Camp Outfitters, Docket No. 217-9-06 Vtec, slip op. at 1, n. 1 (Vt. Envtl. Ct. Mar. 21, 2007). Rather, the Court must independently examine the material facts, and may only grant the motion if the moving party is entitled to judgment under the applicable substantive law, because the Court is obligated to apply the substantive standards that were applicable before the tribunal appealed from. 10 V.S.A. § 8504(h); V.R.E.C.P. 5(g); see also In re Bergmann Act 250 Subdivision, Docket No. 158-8-05 Vtec, slip op. at 6–7 (Vt. Envtl. Ct. Mar. 12, 2008). On

1

summary judgment, the Court must satisfy itself that the materials supporting the motion are "both formally and substantively sufficient to show the absence of a fact question" and that the moving party is entitled to judgment as a matter of law. Miller v. Merchant's Bank, 138 Vt. 235, 238 (1980). The following facts are undisputed unless otherwise noted.

Appellants' property is a 0.21 acre parcel located at 190 Maquam Shore Road, on the shore of Lake Champlain in the Shoreland Recreation zoning district. It has seventy-seven feet of road frontage. When Appellants acquired it in June of 2001, the lot contained an existing single-story single-family house, measuring twenty-two by thirty-two feet, constructed prior to the enactment of zoning bylaws in Swanton. The north side of the house (the twenty-two-foot dimension) was located at a slight angle and approximately four feet from the northerly property line at its closest point.

In the Shoreland Recreation zoning district, the minimum lot frontage is two hundred feet, and the minimum setback from Lake Champlain is fifty feet. Other than for pre-existing lots in that zoning district, the minimum lot size is one acre, the minimum front setback is fifty feet,[1] and the minimum side setback is thirty feet. However, for pre-existing lots such as Appellants' lot (that is, those that are greater than 0.125 acre and less than or equal to 0.24 acre in size), the Regulations for the Shoreland Recreation zoning district allow a reduced front setback of thirty-five feet, a reduced side setback of fifteen feet, and a reduced rear setback of twenty feet. Regulations Table 2.2(E)(1). The regulations do not provide a reduction for the minimum setback from Lake Champlain.

Therefore, at the time Appellants acquired the property, the lot qualified as an existing small lot, nonconforming as to lot size and frontage. The existing house qualified as an existing nonconforming structure as to the north side setback, even

---

[1] Pursuant to § 3.7(G) and (I), this distance is to be measured from the edge of the road right-of-way or from 25 feet from the centerline of the road, whichever is greater.

when considered under the more lenient requirements for pre-existing lots. The existing house appears also to have been nonconforming as to the front setback, as the application shows the front setback as being proposed to remain at thirty[2] feet, unchanged from the front setback of the existing house.

In December of 2005, Appellants applied to replace the existing house with a two-story house, measuring twenty-eight by thirty-two feet. The plan attached to the proposal showed the proposed house as extending six feet[3] (at its closest point) from the northerly property line, that is, farther from the property line than the existing house. The plan showed the front of the proposed house as located along the same line as the front of the existing house. Neither the proposed plan nor the west elevation drawing the new construction depicted a deck at the rear (lakeshore) side of the building. The application showed the rear or lakeshore setback as fifty-eight feet, in compliance with the required lakeshore setback.

A nonconforming structure may be moved, altered, extended, or enlarged, so long as the change does not increase the degree of nonconformance. Regulations § 3.8(C)(2). A nonconforming structure may be altered, extended, or enlarged, with conditional use approval from the ZBA, so as to increase the degree of nonconformance by up to 30% or so as to reduce the applicable setback requirement by up to 30% (whichever is less). Regulations § 3.8(C)(3). Any increase in the degree of nonconformance in excess of 30% requires a variance. Id. Any increase in height of a nonconforming structure must comply with § 3.6. Regulations § 3.8(C)(4).

Although the proposed construction of the new house does not appear to have reduced any applicable setback at all, and does not appear to have increased the volume

_____

[2]  The numeral zero appears to be written over a numeral four, but in either case it was nonconforming, as the front setback required for the existing small lot would have been thirty-five feet.
[3]  It also showed a new wastewater holding tank located underground, ten feet from the northerly side property line.

3

of nonconforming house (that is, the existing house within the front or side setback areas) by more than 30%, the issue of whether the 2006 construction should have been referred to the ZBA for conditional use approval instead of a variance is not before the Court in this case, because Appellants applied to the ZBA for a variance for the proposed construction and that 2006 variance decision became final.

The ZBA issued the decision granting the variance in June of 2006, allowing Appellants to demolish the existing nonconforming single-story house and to construct the proposed enlarged two-story house. The ZBA granted a "five-foot variance" on the north side of the house, that is, requiring it to be located ten feet from the north side property line, rather than the six feet as shown in the application. It also required the front setback to remain unchanged, and required Appellants to bring the property's wastewater system into compliance. The June 2006 decision was not appealed and became final; a building permit was issued for the construction. Based on the permit, Appellants demolished the existing house and constructed the proposed house ten feet from the north side property line.

The application that resulted in the June 2006 ZBA decision did not depict a deck at the rear (lakeshore) side of the building or request a variance for such a deck.

In the summer of 2007, after the new house was constructed, Appellants constructed a twelve by twenty-eight foot deck ("the as-built deck") attached to the rear (lakeshore) side of the house, without applying for or obtaining a new permit or permit amendment.

On September 18, 2007, the Zoning Administrator sent a letter[4] to Appellants notifying them that the construction of the deck without a permit violated the zoning bylaws, and giving them seven days, until September 25, 2007, to submit an application for a building permit. The letter also informed Appellants that a new variance would

---

[4] Appellants have not provided this letter; the facts regarding the letter are found in Appellant Paznokaitis' affidavit.

4

be required if the deck, as constructed, was within the fifteen-foot side setback requirement from the northerly property line. Appellants do not appear to have appealed this determination to the ZBA.

Rather, on September 23, 2007, Appellants filed a new application for a building permit for the as-built deck, including a sketch that depicted the deck as an extension of the northerly wall of the house, that is, set back ten feet from the north property line. The Zoning Administrator denied the building permit, ruling that it required a variance as it was constructed within the required side setback area,[5] and referred it to the ZBA.

Appellants did not appeal the Zoning Administrator's determination that a variance was required, and therefore that determination became final. Appellants proceeded to present the application for a variance to the ZBA.

The ZBA denied the variance request in December of 2007; Appellants appealed that decision to the Court in the present appeal. The ZBA's denial decision allowed a six-month period for Appellants to remove the northerly five feet of the deck (within the north side setback), after obtaining a building permit for the remaining portion.

Appellants contend that the principles of collateral estoppel preclude the Town from denying the variance request for the deck, as the Town granted a five-foot north side variance for the construction of their house in 2006. Appellants also argue that the variance request for the as-built deck satisfies the five variance criteria as set forth in 24 V.S.A. § 4469 and Regulations § 9.4.

---

[5] While it also appears that the deck extends approximately four feet into the required fifty-foot lakeshore setback (as the rear wall of the approved house was fifty-eight feet from the lake and the as-built deck is twelve feet wide) neither the Zoning Administrator nor the ZBA required a variance for the lakeshore setback. If, as reported to the Court in the pretrial conference, a reduced-size or alternate deck configuration has received a building permit that has become final without appeal, any issue regarding the lakeshore setback is therefore not before the Court.

The doctrine of collateral estoppel, or issue preclusion, "generally bars relitigation of an issue that was already litigated and decided." In re Armitage, 2006 VT 113 ¶4, 181 Vt. 241, 244 (internal quotation and citation omitted). Issue preclusion applies when: (1) it is asserted against one who was a party in the prior action; (2) the same issue was raised in the prior action; (3) the issue was resolved by a final judgment on the merits in the prior action; (4) there was a full and fair opportunity to litigate the issue; and (5) its application is fair. Id.

Assuming that a ZBA decision that became final without appeal can be considered a "prior action" for the purposes of collateral estoppel analysis, collateral estoppel is not applicable in the present case because the issue raised in the prior action is not the same as that raised in the present action. The 2006 ZBA variance decision covered only the construction of the house.

The application for the deck was not before the ZBA in the 2006 variance proceeding. Although the as-built deck is attached to the new house, it required a new building permit as it was not included in the permit applicable to the house construction. While the as-built deck did not extend any farther northerly than the north side of the house, it extended westerly into a 5' x 12' area of the north side setback that had not previously been occupied by a structure, increasing the nonconformity and requiring its own variance[6] as well. In re Appeal of Tucker, Docket No. 123-7-98 Vtec (Vt. Envtl. Ct. Aug. 2, 1999); aff'd Docket No. 1999-399 (Vt., Mar. 10, 2000) (unreported mem.) (three-justice panel) (variance allowing construction of one-story building extending into side setbacks does not authorize expansion to two stories within the setbacks, even though two-story building would not violate height limitations or extend laterally any farther into setbacks); see also Appeal of Barnes, Docket No. 154-8-04 Vtec,

---

[6] As Appellants did not seek conditional use approval of a less-than-30% increase in the degree of non-conformance for the as-built deck. Regulations § 3.8(C)(3).

slip op. at 6-7 (Vt. Envtl. Ct. May 18, 2005) (additional height added to pre-existing noncomplying structure inside setback requires a variance).

Appellants do not dispute that the portion of the as-built deck located within the north side setback area requires a variance. Rather, they argue that it meets each of the five criteria required to qualify for a variance.

To qualify for a variance, an applicant must satisfy each of the five criteria enumerated in 24 V.S.A. § 4469(a) and in § 9.4(A) of the Regulations:

(1) that there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the regulations in the neighborhood or district in which the property is located;

(2) that because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning regulation and that the authorization of a variance is necessary to enable the reasonable use of the property;

(3) that the unnecessary hardship has not been created by the appellant;

(4) that the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, substantially or permanently impair the appropriate use or development of adjacent property, reduce access to renewable energy resources, nor be detrimental to the public welfare; and

(5) that the variance, if authorized, will represent the minimum that will afford relief and will represent the least deviation possible from the zoning regulation and from the plan.

"The permit applicant bears the burden of providing evidence sufficient to support a finding with respect to each of the five criteria," and "if just one criterion is not satisfied the variance must be denied." In re Mutschler, 2006 VT 43, ¶9; 180 Vt. 501,

504 (citations omitted). Appellants have failed to meet criteria two, three, and five, and therefore the variance must be denied.

Appellants have failed to demonstrate that the authorization of a variance for the additional five-foot length of as-built deck is necessary to enable any reasonable use of the property. Regulations § 9.4(A)(2). Appellants already have the reasonable use of the property with the new two-story enlarged house permitted in 2006, together with the 12' x 23' portion of the deck allowed to remain in place. Appellants have also failed to demonstrate that there is no possibility that the property can be developed in strict conformity with the Regulations, as the removal of the nonconforming 5' x 12' portion of the deck would result in an allowed addition of a 12' x 23' deck in conformity with the fifteen-foot side setback requirement of the Regulations. Regulations § 9.4(A)(2).

Appellants have failed to demonstrate that the as-built deck's intrusion into the north side setback is an unnecessary hardship that was not created by them. Regulations § 9.4(A)(3). Rather, Appellants were aware of the applicable side setback requirements from the 2006 ZBA proceedings on the house, and were aware that the deck was not included in the application that was the subject of those proceedings. By choosing to construct the deck without applying for a permit, and by extending it into the side setback area, they created the asserted hardship themselves.

Appellants have also failed to demonstrate that the variance, if granted, would represent the minimum that would afford relief and would represent the least deviation possible from the zoning regulation. Regulations § 9.4(A)(5). Rather, by removing a portion of the deck, Appellants can come into compliance with the Regulations. The fact that they would prefer to have a deck extending the length of their house does not make the requested variance the minimum necessary for relief. The Vermont Supreme Court has "consistently held that variances justified in terms of personal convenience . . . were not the minimum necessary for relief." In re Mutschler, 2006 VT 43, ¶11; 180 Vt. 501, 504.

8

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment, and their application for a variance for the as-built deck, is DENIED.  The ZBA decision remains in effect, concluding this appeal.

Done at Berlin, Vermont, this 15th day of July, 2008.

_____
Merideth Wright
Environmental Judge