STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| | Docket No. 91-8-16 Vtec |

| | |
|---|---|
| Lafarr WW & WS Permit | DECISION ON MOTION |

**Decision on Motion for Summary Judgment**

This is an appeal by Michael Gingras challenging the Agency of Natural Resources' (ANR) decision to grant a wastewater system and potable water supply permit to Michael and Diane Lafarr for their property in the Town of Swanton (the Town). Mr. Gingras filed a renewed motion for summary judgment on May 26, 2017. ANR filed a response in support of the motion, and the LaFarrs filed no response.

The Lafarrs are represented by Brian P. Hehir, Esq., Mr. Gingras is represented by Eric G. Parker, Esq., and ANR is represented by Diane M. Sherman, Esq.

**Procedural History**

This renewed summary judgment motion follows an earlier summary judgment motion filed by Mr. Gingras in this matter. We denied that motion in a January 6, 2017 decision because there was an insufficient factual basis to support summary judgment at that time. Mr. Gingras seeks to cure that deficiency with his renewed motion.

**Discussion**

We grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The moving party must support factual assertions with citations to affidavits or other documents on the record. Id. 56(c)(1)(A). When, as here, there is no response to a motion for summary judgment, we may consider the movant's factual assertions to be undisputed. Id. 56(e). Nevertheless, before granting the motion we must determine whether those assertions are supported by materials in the record, and the moving party still "must demonstrate the absence of a genuine issue of material fact and entitlement to a judgment as a matter of law." In re James

Pixley, No. 2004-477, slip op. at 2 (Vt. June 2005) (unpub. mem.) (citing Miller v. Merchants Bank, 138 Vt. 235, 237–38 (1980)).

## Factual Background

The following facts are set out solely for the purpose of ruling on this motion. The facts are largely identical to those set out in our January 6, 2017 decision.

1. Mr. Gingras owns property at 173 Lakewood Drive in Swanton (the Gingras property), and the Lafarrs own adjacent property at 181 Lakewood Drive (the Lafarr property). The eastern edge of the Lafarr property shares a boundary line with the western edge of the Gingras property.

2. Mr. Gingras was granted permit #WW-6-0345-2 for a wastewater disposal system for the Gingras property on May 12, 2014 (the Gingras Permit). The Gingras Permit includes a mound system with a design flow of 490 gallons per day to be constructed close to the boundary line of the Lafarr property.

3. The Lafarrs appealed the Gingras Permit, but that appeal was dismissed by stipulation in January 2015.

4. In June 2016, the Lafarrs applied for an amendment to an existing wastewater and water supply permit for the Lafarr property. The application includes plans to add a drilled well for potable water (the Lafarr well). The well is designed for a flow of 420 gallons per day, and a maximum daily demand of 0.58333 gallons per minute.

5. The plans included in the Lafarrs' permit application depict a 100-foot isolation shield around the Lafarr well which extends onto the Gingras property. A comparison with plans for the permitted Gingras mound system confirms that the Gingras mound system would fall within the Lafarr well's 100-foot isolation shield.

6. The plans submitted with the Lafarr well application, however, do not depict any wastewater systems on the Gingras property. It is therefore not evident from the Lafarr plans alone that the 100-foot isolation zone would extend onto the mound system.

7. The Lafarrs' application, including for the Lafarr well, was approved in July 2016 as #WW-6-0345-2 (the Lafarr permit).

8. Mr. Gingras timely appealed that decision to this Court.

## Analysis

The Vermont Water Supply Rule requires an applicant who proposes to dig a well to provide "adequate horizontal isolation distances between [the well] and potential sources of contamination." Vermont Water Supply Rule, Appendix A – Vermont Standards for Water System Design, Construction, and Protection, § 11.4.0. The required minimum isolation distances between wells and sewage system disposal fields is found in Table A11-2 of Appendix A of the Water Supply Rule, which is set out within § 11.4.0. The applicant must determine the minimum isolation distance for his or her proposed well in Table A11-2 based on the proposed well's maximum daily demand, and the design flow of any nearby sewage system disposal fields. See Table A11-2. The person must then take that minimum isolation distance and determine the size and shape of the overall isolation shield around the well based on factors set out in Appendix A, § 11.4.1.1 and sequential provisions.

Under Water Supply Rule Appendix A, § 11.4.1.0, an application for a well must be designed to include an adequate separation zone, or isolation shield, between the proposed well and any nearby sewage system disposal fields.

These requirements are incorporated into the Vermont Wastewater System and Potable Water Supply Rules at § 1-807 n.(b) ("Separation between potable water supplies and leachfields shall be determined by the methods in the Vermont Water Supply Rule, Appendix A, Part 11, § 11.4."); and at Appendix 6-A, § 6-A-01(a)(11) ("An application for a water supply and wastewater permit shall contain . . . a description of the existing use(s) of adjacent properties, including the locations of all existing and/or permitted water supplies (potable and non-potable) and wastewater systems that may be potentially affected by the project or that may potentially affect the project design)."

The submission of false or misleading information in support of a wastewater and water supply permit is grounds for revocation of a permit under Vermont Wastewater System and Potable Water Supply Rules at § 1-404.

Per Table A11-2, the Lafarrs' well (designed for a maximum daily demand of 0.58333 gallons per minute) would have a minimum isolation distance of 100' from any sewage disposal field (including the 490-gallons-per-day Gingras mound system). The Lafarrs' water supply permit

3

application includes a plan depicting the separation zone for the well as a 100' circle around the proposed well. The permit application and plans submitted with the application do not identify or describe the wastewater system permitted on May 12, 2014 to Michael Gingras that is within the 100' separation zone of the Lafarr well.

The Lafarrs' failure to show the permitted Gingras wastewater system on their application violated Wastewater System and Potable Water Supply Rules, Appendix 6-A, § 6-A-01(a)(11), and is also grounds for revocation under § 1-404.

The failure to design a system with an adequate separation distance from the permitted Gingras Wastewater system fails to comply with Wastewater System and Potable Water Supply Rules, § 1-807 n.(b) and Vermont Water Supply Rule, Appendix A, Part 11, § 11.4.

Because of these deficiencies in the Lafarr permit application, we **GRANT** Mr. Gingras's motion for summary judgment, specifically on his amended Question 3 ("Whether the Wastewater Rules, the Water Supply Rules, and the Gingras Systems' final and approved status preclude approval of the Lafarr Systems."). As such, the Lafarrs' permit, WWPWS Permit #WW-6-1683-1 is VOIDED. Lastly, we order the Lafarrs to file the Judgment Order issued concurrently with this decision in the land records to prevent future reliance on WWPWS Permit #WW-6-1683-1. The Lafarrs may submit a new application for a permit that takes into account all existing and permitted wastewater systems, including the permitted Gingras system.

A Judgment Order accompanies this Decision. This concludes the current proceedings before this Court.

**Electronically signed on August 09, 2017 at 11:28 AM pursuant to V.R.E.F. 7(d).**

_Tom Walsh_

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division