STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 103-8-17 Vtec

| | |
|---|---|
| Taylor Conditional Use Waiver | DECISION ON MOTION |

**Decision on Motion for Summary Judgment**

In this appeal, Diane Dargie challenges a decision by the Town of St. Johnsbury Development Review Board (DRB) approving a conditional use waiver of back, side, and front setbacks to Stephen A. Taylor for two storage sheds at his property located at 981 Lackey Hill Road, St. Johnsbury. The matter is now before the Court on Ms. Dargie's motion for summary judgement.

Ms. Dargie is represented by Andrew H. Montroll, Esq. Mr. Taylor is self-represented, and the Town of St. Johnsbury (the Town) is represented by Edward R. Zuccaro, Esq. Neither Mr. Taylor nor the Town responded to the motion.

**Standard of Review**

We grant summary judgment to a party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). The moving party shows that no material facts are in dispute principally by filing a statement of undisputed facts supported by materials in the record. V.R.C.P. 56(c)(1)(A). When, as here, there is no response to a motion for summary judgment, we may consider the movant's factual assertions to be undisputed. Id. 56(e). Nevertheless, before granting the motion we must determine whether those assertions are supported by materials in the record, and the moving party still "must demonstrate the absence of a genuine issue of material fact and entitlement to a judgment as a matter of law." In re Pixley, No. 2004-477, slip op. at *2 (Vt. June 2005) (unpub. mem.) (citing Miller v. Merchants Bank, 138 Vt. 235, 237–38 (1980)).

1

**Factual Background**

We recite the following facts solely for the purposes of deciding the pending motion for summary judgment.

1.     Mr. Taylor owns property at 981 Lackey Hill Road in St. Johnsbury (the Taylor Property).[1]

2.     Ms. Dargie owns property at 1013 Lackey Hill Road, and lives at and owns property at 1043 Lackey Hill Road.

3.     The Taylor Property is an approximately 0.24-acre rectangle measuring 75' by 150'. Lackey Hill Road runs along the 150' eastern edge of the property.  The other three sides of the Taylor Property are surrounded by Ms. Dargie's property.

4.     In a zoning permit application submitted by Mr. Taylor to the Town, Mr. Taylor marked "no" for both town water and town sewer in the "property location information" section.

5.     The Zoning and Subdivision Code of Ordinances of the Town of St. Johnsbury, amended July 12, 2017 (the Ordinances) require certain front, side, and rear setbacks.  For lots in the RL-2 district with water and sewer "both on lot," Ordinance § 307.3 requires a minimum 50' front setback.  If either water or sewer service is "off lot," the front setback is 25'.

6.      On October 22, 2015, the DRB approved an application submitted by Mr. Taylor seeking a variance for a setback exception for two existing storage sheds on his property.  Ms. Dargie appealed that decision to this Court.  After a merits hearing, we concluded that the request failed because a variance is "not necessary to enable the reasonable use of the property."  Taylor Conditional Use, No. 136-11-15 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Mar. 22, 2017) (Walsh, J.).

7.     Mr. Taylor submitted a new application on or about March 21, 2017.  The "proposed use and/or development" on the application is "2 sheds 1(8x8) 1(8x10) EXEMPT SIZE Conditional use waiver of setback" (the Waiver Application).

8.     A diagram included in the application shows an 8'x10' shed situated 40' from the front yard property line and 25' from the rear property line (with all measurements labeled).

---

[1] Mr. Taylor's conditional use application refers to "Lackie Hill Road;" however, the DRB decision and notice, and Ms. Dargie's pleadings, refer to "Lackey Hill Road."

9.     The diagram shows an 8'x8' shed 17' from the rear property line and does not indicate the distance to the front yard boundary line.

10.     Elsewhere, in a section calling for dimensions, under the lines for "setback," the application indicates that the 8'x8' shed will be 48' from the front yard boundary and 17' from the rear; and that the 8'x10' shed will be 40' from the front and 25' from the rear.

11.     The DRB approved the waiver application on July 27, 2017.

**Discussion**

**I.     Scope of review**

As a preliminary matter, we note that the summary judgment motion raises specific details of the DRB decision below and the letter the Town sent to Ms. Dargie to notify her of the decision. We remind the parties that in this de novo appeal, we do not consider the findings of fact or conclusions of law drawn by the DRB. S. Vt. Beagle Club, No. 142-9-11 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jan. 17, 2013) (Walsh, J.). Instead, we take evidence and develop legal conclusions anew. See Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1998) ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto.'" (quoting In re Poole, 136 Vt. 242, 245 (1978))); In re Torres, 154 Vt. 233, 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader.").

Within this context, the scope of our review is limited to the issues raised in the Statement of Questions. V.R.E.C.P. 5(f). Ms. Dargie's Question 1 asks whether the two sheds in the waiver application can be approved if they are located within the front yard setback.[2]

We note that the movant has only filed a few pages of the Ordinance. Although the Questions limit our review, as a general principle we must construe the Ordinance's "words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 8, 189 Vt. 578. Here, we are unable to read portions of the Ordinance as part of the whole without a complete copy of the ordinance.

---

[2] Other questions not raised in this motion address lot coverage and character of the area.

**II.     Whether the proposed use complies with setbacks**

Ordinance § 202.2(i) exempts structures less than 100 square feet in floor area that are accessory to residential uses—such as the sheds here—from requiring a zoning permit if they are "not located within required setback areas."

Section 307 of the Ordinance requires a minimum 50' front setback for lots in the RL-2 district that have water and sewer service "both on lot."[3]  If either water or sewer service (or both) is "off lot," then the front setback is 25'.

The waiver application identifies the setbacks for the sheds in two places: on the diagram, and in the narrative section on dimensions.

According to Mr. Taylor's application, the 8'x10' shed has a 40' front setback from what appears to be the edge of the traveled way of Lackey Hill Road.  The front setback for the 8'x8' shed is less clear, however, because the numbers indicating front and rear setbacks do not add up.  Assuming a lot depth of 75', an 8'x8' shed that is 17' from the rear line would have a 50' front setback (17+8+50=75).  Alternatively, the same shed 48' from the front would be 19' from the rear line (19+8+48=75).  On summary judgment, we "resolve all doubts and inferences in favor of the nonmoving party."  Johnson v. Harwood, 2008 VT 4, ¶ 5, 183 Vt. 157.  Following this principle, we conclude that the 8'x8' shed may have a 50' front setback, if it is 17' from the rear line.

While we can roughly determine the front setbacks of the sheds in relation to the traveled way of Lackey Hill Road, we are unable to determine whether the 25' or 50' front setback applies, because the evidence on the record at this summary stage does not show whether the Taylor property water and sewer service are "on lot," or "off lot."  While Mr. Taylor marked "no" on his application for both town water and town sewer, this does not tell us whether water and sewer service are on or off lot.  For this reason, Ms. Dargie fails to show that she is entitled to judgment as a matter of law.  Her motion is therefore **DENIED**.

---

[3] We only address front yard setbacks here, because that is the only setback raised in the Statement of Questions.

### III.     Whether the Ordinance allows waiver of front yard setbacks

The summary judgment motion points to § 302.3 of the Ordinance, which reads: "Rear and Side Setback Waiver. The DRB may approve, as a conditional use, a reduced rear or side setback."

The motion argues that because this section expressly allows for a waiver of rear and side setbacks, but not front setbacks, it prohibits front setback waivers by implication. This argument relies on the principle of "expressio unius est exclusio alterius," or "the expression of one thing is the exclusion of another." See In re Verburg, 159 Vt. 161, 165 (1992) (citation omitted). When a drafter itemizes specific items in a group or series, this principle allows courts to "justifiably infer that 'items not mentioned were excluded by deliberate choice, not inadvertence.'" In re D.C., 2016 VT 72, ¶ 31, 202 Vt. 340 (citation omitted); but see Verburg, 159 Vt. at 165 (indicating that the expressio unius principle is "only one aid to regulatory interpretation" that should be applied cautiously).

We agree that the plain language of § 302.3 appears to allow the DRB (and this Court in its place) to waive side and rear setback requirements, but not front yard setback requirements. We are, however, unable to conclusively draw this conclusion without having the complete Ordinance before us.

The motion next highlights § 204.4.6, which reads:

> In the case of any use designated as a "Conditional Use" because it does not meet the minimum set back requirements set forth in the Table relating to a particular district a zoning permit may be issued without a variance if the requirements of this Section are satisfied and if there exists a setback of not less than five (5) feet . . . .

According to its plain language, this provision only comes into play when a use is "designated as a 'Conditional Use' because it does not meet the minimum set back requirements" for a given zoning district. Section 302.2 designates side and rear setback waivers as conditional uses, but not front setback waivers. Section 204.4.6 therefore does not apply to front setbacks through § 302.2. The Court is unaware of any other section that would trigger § 204.4.6 for front setback waivers. In short, because nothing designates front setback waivers as a conditional use, § 204.4.6 alone cannot justify front setback waivers.

5

For these reasons, it appears the Ordinance does not allow front yard setbacks to be waived.  We are unable to conclude that this is the case, however, without reading the relevant provisions in context of the Ordinance as a whole.

**IV.     Conclusion**

Without knowing whether the front yard setback for the Taylor property is 25' or 50', and with uncertian measurements for at least one of the sheds, we are unable to determine whether either shed is within the front yard setback.  We are also unable to conclusively determine whether front yard setbacks can be waived as we do not have the complete Ordinance.   The summary judgment motion is therefore **DENIED** as to both sheds.

In a prior related matter, Ms. Dargie filed two unsuccessful motions for summary judgment. Based on our decision here, and our experience with the prior proceedings, we believe that this matter should be resolved through a merits hearing.  Parties are therefore directed to file in writing with the Court on or before Friday February 2, 2018, their dates of unavailability for a one-day trial in June or July 2018.


Electronically signed on January 23, 2018 at 10:08 AM pursuant to V.R.E.F. 7(d).


_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division