VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00047



---

Silva DRB App. #23-12

---

### ENTRY REGARDING MOTION

Motion:        Motion for Summary Judgment

Filer:         Kevin E. Brown, Attorney for Applicant/Appellant Bernardo Silva

Filed Date:    December 15, 2023

No response filed.

**The Motion is GRANTED.**

This is an appeal from a Town of Moretown Development Review Board decision granting Bernardo Silva ("Applicant") a conditional use permit for a cannabis cultivation establishment on the property located at 2016 Route 2, Moretown, Vermont (the "Property").  Specifically, Applicant appeals Conditions 7 and 8 of the DRB's decision which limit the seasons in which he can conduct growing operations, and which prohibit the storage, drying, or processing of harvested plant material on the Property.  Applicant argues that changes in state law preempt these two Conditions and asks this Court to modify the Conditions accordingly.

### Legal Standard

We grant summary judgment to a party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2).  When, as here, there is no response to a motion for summary judgment, we may consider the movant's factual assertions to be undisputed.  Id. 56(e). Nevertheless, before granting the motion we must determine whether those factual assertions are supported by materials in the record, and the moving party still must demonstrate the absence of a genuine issue of material fact and entitlement to a judgment as a matter of law.  Miller v. Merchants Bank, 138 Vt. 235, 237–38 (1980)).

### Undisputed Material Facts

We recite the following factual background and procedural history, which is undisputed and is based on the record now before us, for the purpose of deciding the pending motion.  The following

are not specific factual findings relevant outside the scope of this decision on the pending motion. See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14 (citing Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.)).

1. Bernis Dobis, LLC (the "Company") is a cannabis cultivation company incorporated in the State of Vermont.

2. The Company is a "Licensed Cultivator Cannabis Establishment," license number CLTV0293.

3. The Company is a member-managed LLC.

4. Dennis Houle and Mr. Silva are the sole managing members of the Company.

5. The Company's designated business address is 175 Vermont Rte. 100, Hancock, Vermont 05748.

6. On April 1, 2023, Mr. Silva came to reside at a property, owned by Grow Properties, LLC, at 2016 US Rte. 2, Moretown, VT (the "Property").

7. Grow Properties, LLC is a member—managed Vermont limited liability company managed by Lisa M. Ransom and Scott M. Baughman.

8. On April 1, 2023, Mr. Silva leased and continues to lease the residence at the Property from Grow Properties, LLC.

9. On April l, 2023, the Company leased a portion of the Property from Grow Properties, LLC with the intention of operating a Tier 2 mixed cannabis cultivation operation.

10. Mr. Silva seeks a permit from the Town of Moretown (the "Town") for the use of an existing accessory structure for Home Based Business in the Commercial District.

11. The property is approximately 38.2 acres in total.

12. The Property has eight (8) preexisting buildings on site.

13. The Property's previous owners operated it as a licensed medical marijuana cultivation and processing facility.

14. Mr. Silva currently lives in a residence on the property, consistent with the Town's requirements for a Cottage Industry.

15. The portion of the Property leased and in use, for the purpose of cultivating cannabis, is located within the Town's Commercial District.

16. The Property has previously existing security gates, perimeter fencing, and security measures in place.

17. At the Property, several facilities are available for use in cannabis cultivation and processing operations.

18. The Property has two (2) side—by-side greenhouses, which together provide 1,450 square feet for indoor, artificially lit cultivation. Id. (indicating the location of the greenhouses).

19. Within ten (10) feet of the greenhouses, the Property also has outdoor cultivation space.

20. As a Tier 2 Mixed Cultivator, Mr. Silva may cultivate up to 2,500 square feet of plant canopy in indoor cultivation and up to 312 cannabis plants in outdoor cultivation.

21. Within the greenhouses, Mr. Silva uses downcast lighting that does not operate before 5:00 AM nor after 9:00 PM.

22. Mr. Silva uses a preexisting garage for bagging and storage of cannabis products.

23. Mr. Silva proposes the use of a retrofitted storage container on for drying and storage of cannabis product.

24. The operation of the cannabis cultivation, and its associated processes, requires less than 50% of the combined floor area of all the structures on the lot, consistent with the Town's Cottage Industry requirement.

25. At varying times throughout the year, Mr. Silva requires up to eight (8) employees, not including property residents, for cannabis cultivation operations at the Property.

26. Mr. Silva complies with CCB requirements for security at the Property.

27. CCB testing requirements require cannabis cultivators engage in on—site drying, storage, and testing of cannabis, consistent with CCB Rules 2.5.1, 2.9.3, and 2.9.4.

28. On August 4, 2023, the State of Vermont's Cannabis Control Board ("CCB") issued Mr. Silva's Company a license as a Tier 2 Mixed Cultivator "Licensed Cultivator Cannabis Establishment."

29. Mr. Silva's license number derives from the Company's certification and is CLTV0293—02.

30. On August 4, 2023, the CCB granted Mr. Houle a "Licensed Cultivator Cannabis Establishment" license.

31. Mr. Houle's license number derives from the Company's certification and is CLTV0293—01.

## Conclusions of Law

Act 65 of 2023 amended Vermont's adult-use cannabis program and its regulatory framework by limiting a municipality's ability to regulate cannabis cultivation operations. Most notably, a municipality shall not "regulate a cannabis establishment in a manner that has the effect of prohibiting the operation of a cannabis establishment." 7 V.S.A. § 863(d). Applicant is licensed as a Tier 2 Mixed

Cultivator. As a licensed cultivator, Applicant is entitled to "cultivate, process, package, label, transport, test, and sell cannabis…" 7 V.S.A § 904(a)(1). With this framework in mind, we review Conditions 7 and 8 of the DRB's decision to determine whether they effectively prohibit Applicant from operating a cannabis establishment.

Condition 7 provides that:

The facility is not presently approved for year-round use of growing of plants. As represented by the Applicant, growing plants may begin in early Spring within the greenhouses, and continue through October, with harvesting completed by early November of each year.

Condition 7 fails to distinguish between indoor and outdoor growing operations, and arbitrarily limits the months in which Applicant can operate his licensed establishment. As a licensed Mixed Cultivator, Applicant is entitled to conduct both indoor and outdoor operations, without time of year restrictions. Nowhere in Title 7 or the CCB Rules does the law limit the seasons in which indoor growing operations may occur. The DRB provides no apparent reason for this limitation. Condition 7 effectively prohibits Applicant's operation of a cannabis establishment between November and early Spring. We therefore **MODIFY** Condition 7 to state as follows:

Cultivation of plants outdoors may begin on March 1 and continue until December 1 of each calendar year. Indoor cultivation is not limited seasonally.

We now turn to Condition 8 of the DRB's decision, which provides:

That no storage, drying, or processing of harvested plant material occur on site. As represented by the Applicant, only one employee in addition to the residents of the existing home are approved at this time. This approval is also subject to the terms and conditions applicable to cottage industries including the statement that the facility is approved as a Home Based Business which is accessory to the present principal residential use, and to be retained in common ownership and management. The cottage industry may be subdivided and/or converted for sale or use apart from the residential use only if it meets all current municipal and State regulations and bylaws pertaining to such use.

As written, Condition 8 impermissibly prohibits Applicant from storing, drying, or processing harvested plant material on site. This condition directly violates the State licensing laws, which entitle a licensed cultivator to cultivate and process harvested material. 7 V.S.A. § 904(a)(1). Furthermore, CCB Rules expressly provide for the drying, curing, and storage of harvested plant material. CCB Rules 2.4, 2.5. Based on the undisputed facts provided, these listed activities are essential to conducting a cannabis cultivation operation. It follows that by prohibiting such activities, the DRB effectively prohibited Applicant from operating his cannabis establishment.

Furthermore, it is unclear why the DRB imposed the one employee limit in Condition 8. The Town bylaws expressly allow a Cottage Industry to have up to eight non-resident employees. Moretown Zoning and Subdivision Regulations § 3.10(D)(3). Applicant represents that while day-to-day operations can be run by one or two people, up to eight employees are necessary during peak planting and harvesting times. By allowing just one non-resident employee, the DRB effectively prohibits Applicant from operating his cannabis establishment. For the foregoing reasons, we hereby **MODIFY** Condition 8 to read as follows:

> Up to and including eight employees, not inclusive of the residents of the residence, are approved for the operation of the cottage industry. This approval is also subject to the terms and conditions applicable to the "Cottage Industry" accessory use. The facility is approved as a Home Based Business which is accessory to the principal residential use of the property, and to be retained in common ownership and management. This cottage industry may be subdivided and/or converted for sale or use apart from the residential use only if it meets all current municipal and state regulations and bylaws pertaining to such use, including all density, dimensional, and other requirements for the district in which it is located. Separate permits shall be required as appropriate prior to subdivision, sale and/or conversion.

## Conclusion

For the foregoing reasons, we conclude that Conditions 7 and 8 of the DRB's Decision have the effect of prohibiting the operation of a cannabis establishment, in violation of 7 V.S.A. § 863(d). We therefore **GRANT** summary judgment to Applicant on these issues.

This matter is hereby remanded to the Town of Moretown Zoning Administrator for the sole purpose of issuing an amended permit in accordance with the terms and conditions of this Decision.

**So Ordered.**

Electronically signed at Newfane, Vermont on Wednesday, April 17, 2024, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division