Environmental Court of Vermont
State of Vermont

==============================================================================
E N T R Y   R E G A R D I N G   M O T I O N
==============================================================================

In re Times & Seasons, LLC A250 Reconsideration        Docket No. 45-3-09 Vtec
    (Appeal from Act 250 District Commission Dec

Title: Motion to Strike and clarify (Motions No. 3 & 5)

Filed:      May 12, 2009 and June 17, 2009

Filed By: Mark L. Lucas, Attorney for Appellee Natural Resources Board/LU Panel

Response filed on 07/13/09 by Appellant Times and Seasons, LLC
Response filed on 07/15/09 by Appellee Natural Resources Board/LU Panel


_X_ Granted              ___ Denied                ___ Other

     Appellant Times and Seasons, LLC ("Times & Seasons") filed its original
Statement of Question in this matter on March 11, 2009, which listed a single
legal issue for this Court's consideration:   whether the proposed project
complies with 10 V.S.A. § 6086(a)(9)(B).   Thereafter, Times & Seasons moved to
amend its Statement of Question to include a total of six Questions.   During
its initial conference on April 14, 2009, the Court granted Appellant's motion
to amend its Statement of Questions and accepted Appellant's previously-filed
Amended Statement of Questions.

     The parties' filings thereafter became a bit more complicated.   Times &
Seasons subsequently filed a document entitled "Annotated Statement of
Questions" in which it reproduced the six legal issues posed in its Amended
Statement of Questions and presented legal argument in support of each Question
in this eleven page filing.   The Land Use Panel of the Vermont Natural
Resources Board ("Land Use Panel") thereafter filed its first motion to strike
Appellant's "Annotated Statement" and requested a more definitive statement of
the legal questions governing this appeal.   By letter filed with the Court on
May 20, 2009, counsel for the Land Use Panel requested that the Court stay its
consideration of the Panel's pending motion to strike and clarify, while the
parties attempted to reach agreement on a stipulated further amendment to
Appellant's Statement of Questions.   Attorney Lucas represented in this letter
that Times & Seasons had agreed to withdraw its Questions 3, 4, and 5 from its
Amended Statement of Questions.   Counsel for Times & Seasons confirmed this
agreement to withdraw Questions 3, 4, and 5 in a subsequent status conference
with the Court, held on August 3, 2009.[1]

     The parties were unable to reach agreement on a stipulated further
amendment to Appellant's Statement of Questions.   However, Appellant
subsequently filed its own Second Amended Statement of Questions on June 15,
2009, together with a supplement to its Second Amended Statement of Questions
that it entitled "Definitive Statement of Second Amended Statement of Questions
("Definitive Statement").   The Land Use Panel thereafter filed its second

_____

[1]  See also, footnote 1 to Appellant's Second Amended Statement of Questions, filed June 15, 2009.

motion to strike, this time requesting that the Court strike Appellant's Definitive Statement, portions of Question 3 from Appellant's Second Amended Statement of Questions, and for clarification of Question 2 from the Second Amended Statement.

Times & Seasons' Second Amended Statement of Questions removed Questions 3, 4, and 5 from its Amended Statement of Questions and listed three remaining legal issues for the Court's consideration: (1) whether the proposed project conformed with 10 V.S.A. § 6086(a)(9)(B);[2] (2) whether the District #3 Environmental Commission ("District Commission") deprived Appellant of its constitutionally-protected due process rights in the proceedings below; and (3) whether the procedural violations allegedly committed by the District Commission below required a remand of the appealed Act 250 reconsideration request back to the District Commission.

At the August 3, 2009 status conference, the Court confirmed with counsel the accuracy of the procedural history, briefed above, and noted that it would now consider and rule upon the pending motions to strike and for further clarification. This entry Order is issued with the intention of addressing all pending requests.

We consider an appellant's statement of questions in a de novo appeal before this Court as similar to a civil complaint before a superior court. See In re: Appel of Rivers Development, LLC, Nos. 7-1-05 Vtec and 68-3-07 Vtec, slip. op. at 14 (Vt. Envtl. Ct., Jan. 8, 2008). We therefore begin our analysis of Appellant's Second Amended Statement of Questions, its Annotated and Definitive Statements in support thereof and the Land Use Panel's objections with reference to V.R.C.P. 8(a), which directs that a "pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks."

Implicit in the directive of V.R.C.P. 8(a) is that the pleading party owes a duty to the other parties in the proceeding, and the reviewing court, to present their claims in a single document, from which may be gleaned a "short and plain statement" of their claims. Requiring, as Appellant has here, for the Court and the Land Use Panel to refer to a separate document, entitled "Definitive Statement", which in turn requires the reader to refer to the record below for the content and basis of Appellant's claims, violates the specific directives and spirit of Rule 8(a). See also Spargo v. Governor's Commission on the Administration of Justice, et. al., 135 Vt. 333, 334 (1977) (A nineteen-page amended complaint which the Supreme Court characterized as "substantially a 'jumble of unrelated facts'" did not meet the "short and plain statement of the claim" called for by V.R.C.P. 8(a).)(citations omitted). We find no authority for the filing of an independent document such as Appellant's Annotated Statement or Definitive Statement and find these documents to offer more confusion than clarity, particularly with their multiple references to the record below. For these reasons, we GRANT the Land Use Panel's requests that Appellant's Annotated Statement, filed May 11, 2009, and Definitive Statement, filed June 15, 2009, be stricken from the record of this de novo proceeding. We have so noted on the face of these documents that they have hereby been stricken.

We next note that Appellant does not contest the Land Use Panel's representation that Appellant has voluntarily withdrawn its claims based upon an alleged violation of its constitutionally protected right to equal

---

[2] The sole Question posed in its original Statement of Question.

protection under the law, but that Appellant's Question 3 seeks relief, by way of remand, based upon equal protection violations.  A prayer for relief which finds no basis in a claim stated in Appellant's Second Amended Statement of Questions appears to violate the letter and spirit of V.R.C.P. 8(a)(2).  Since Appellant has provided no reference to the remaining legal foundation for its prayer for relief based upon an equal protection violation, we are compelled to GRANT the Land Use Panel's request to strike the reference in Appellant's Question 3 to "equal protection".

Lastly, we consider whether Appellant's Question 2 requires clairification.  We conclude that clarification is required.

We appreciate that Appellant and its counsel filed the Annotated Statement and Definitive Statement in an effort to clarify its claims and may now be frustrated that the Court, having stricken those Statements, is directing clarification.  Our rulings here are guided by an effort to respect the letter and spirit of V.R.C.P. 8(a).  A complaint in a superior court civil case, and a statement of questions in an environmental court appeal, must be drafted in a "short and plain" manner, so as to give notice to the responding party, and the reviewing court, as to the claims and their basis.  Rivers, supra, at 14.  Claims that cannot be stated in a single document, in a short and plain fashion, may be subject to a violation of Rule 8(a) and therefore stricken.

We remain concerned that Appellant is requesting this Court to assess the District Commission's performance, both as to the manner in which it conducted its proceedings and the way in which it determined its findings.  We are not aware of our jurisdictional authority to conduct such a review in a de novo proceeding.  In re JLD Properties – Wal-Mart St. Albans, Nos. 242–10–06 Vtec, 92–5–07 Vtec, and 116-6-08 Vtec, slip. op. at 19 (Vt. Envtl. Ct., March 16, 2009).

It is unfortunate that the parties here did not complete their efforts to arrive at an agreement on an amended statement of questions, the form for which would be sufficient to satisfy V.R.C.P. 8(a).  It appears that Appellant did not offer a proposed amended statement of questions to the counsel for the Land Use Panel for consideration and discussion.  We therefore direct that Appellant do so now and, to the extent that the parties are unable to reach agreement on the format for a sufficient pleading, Appellant thereafter file a third amended statement of questions that satisfies the "short and plain" statement of a claim requirement contained in Rule 8(a).  We direct that Appellant file such a Third Amended Statement of Questions no later than Friday, September 11, 2009.  For these reasons, we GRANT the Land Use Panel's request that we direct clarification of Appellant's Question 2.

_____          _____August 11, 2009_____
      Thomas S. Durkin, Judge                        Date

=========================================================================
Date copies sent to: _____          Clerk's Initials _____
Copies sent to:
    David Grayck & Zachary K. Griefen, Attys for Appellant Times & Seasons, LLC
    Attorney Mark L. Lucas for Appellee Natural Resources Board/Land Use Panel