### John Spargo v. Governor's Commission on the Administration of Justice

[376 A.2d 757]

No. 188-76

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed June 7, 1977

*Rubin, Silverman & Kaufman*, Plainfield, for Plaintiff.

*M. Jerome Diamond*, Attorney General, and *Jeffrey L. Amestoy*, Assistant Attorney General, Montpelier, for Defendant.

**Per Curiam.** Plaintiff brought his civil action against the defendant and a co-defendant, Vermont League of Cities and Towns, claiming wrongful discharge from his position as Communications Coordinator. Following motions to dismiss, he moved to amend his original complaint by substituting a verified complaint some 19 pages in length, and also moved for summary judgment. In one order, the trial court granted the motion to amend, denied his motion for summary judgment, and granted the Commission's motion to dismiss for failure to state a cause of action. On trial almost a year later a settlement was reached with the defendant League, thereby making the trial court's order as to the Commission an appealable one because of the resultant dismissal as to the League. V.R.C.P. 54(b). This appeal followed. Plaintiff claims error in dismissing his complaint, and in refusing his motion for summary judgment.

■ We have examined with care the lengthy amended complaint, which certainly does not meet the "short and plain statement of the claim" called for by V.R.C.P. 8(a). We agree with the defendant's contention below that it is substantially a "jumble of unrelated facts." 2A Moore's Federal Practice § 8.14, at 1717 (2d ed. 1975). Its principal failure is that it does not allege any wrongful discharge by this defendant, but on the contrary, under Part V relating to plaintiff's firing, specifically alleges a firing by the League, over the arguments of the Commission. The only other allegation of wrongdoing by the Commission is a claimed failure to give plaintiff a reference after his discharge by the League. We are pointed to no authority making this actionable, if true, and we know of none. The motion to dismiss was properly granted, and eleven months elapsed without any motion for relief from the dismissal or request for permission to amend.

■■ Our holding as to the insufficiency of the complaint makes it unnecessary to consider at length the court's denial of plaintiff's motion for summary judgment. But we would point out, for future guidance, that verification of a complaint is abolished by V.R.C.P. 11, except where specifically provided for by rule or statute. This being so, we do not consider it an affidavit to support a summary judgment, even had the jurat met the requirements of V.R.C.P. 56(e) as to personal knowledge, which examination discloses that the one appended

to the amended complaint did not. See 6 Moore's Federal Practice § 56.11[3], at 56-251 (2d ed. 1976). Further, under V.R.C.P. 56(a), we would consider the motion prematurely filed. That rule requires 20 days to expire after "commencement of the action" before a motion for summary judgment is filed. Where, as here, a whole new amended complaint is involved, we would construe the action to be "commenced", for purposes of V.R.C.P. 56(a), only when the proposed amendment is allowed.

*Judgment affirmed.*