STATE OF VERMONT

ENVIRONMENTAL COURT

| | |
|---|---|
| Town of Fairfax, } | |
|     Plaintiff, } | |
| } | |
| v. } | Docket No. 274-11-08 Vtec |
| } | |
| Leon L. Beliveau, } | |
|     Defendant. } | |
| } | |
| } | |
| In re Beliveau Notice of Violation } | Docket No. 193-8-08 Vtec |
|     (Appeal of Beliveau) } | |
| } | |

Decision and Order on Town's Motion for Summary Judgment

In Docket No. 193-8-08 Vtec, Appellant Leon L. Beliveau appealed from a decision of the Development Review Board (DRB) of the Town of Fairfax, upholding a Notice of Violation for the use of the property at 1166 Main Street as a rooming and boarding house, without first obtaining a permit for that use. In Docket No. 274-11-08 Vtec, the Town brought an enforcement action against Mr. Beliveau, alleging that he changed the use of the property from a single-family residence to a rooming and boarding house, without first obtaining a zoning permit for the rooming and boarding house use. The Town is represented by John H. Klesch, Esq.; Defendant-Appellant (Defendant) Beliveau has appeared and represents himself. Both matters are scheduled for trial together on August 20, 2009, from 9:00 a.m to 2:00 p.m., at the Franklin Superior Court in St. Albans, Vermont.

1

The Town moved for summary judgment; Defendant was given until July 23, 2009 to file his response to the motion, and filed a response that date. The following facts are undisputed unless otherwise noted.

Summary judgment is appropriate if the memoranda, depositions, answers to interrogatories, and affidavits, if any, "show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). Regardless of whether one party or both parties seek summary judgment, the Court will give each party the benefit of all reasonable doubts and inferences when the opposing party's motion is being considered. DeBartolo v. Underwriters at Lloyd's of London, 2007 VT 31, ¶ 8, 181 Vt. 609; In re Gizmo Realty/VKR Assocs., LLC, No. 199-9-07 Vtec, slip op. at 3 (Vt. Envtl. Ct. Apr. 30, 2008) (Durkin, J.). When opposing a motion for summary judgment, a party may not rest on bare allegations alone, but must come forward with some affidavit or other evidence supporting the existence of disputed material facts. Johnson v. Harwood, 2008 VT 4, ¶ 5; In re Scarborough Conditional Use Application, No. 206-9-07 Vtec, slip op. at 7 (Vt. Envtl. Ct. Mar. 13, 2008) (Wright, J.). The adverse party must lay out specific facts, supported by evidence, showing a need for trial. Field v. Costa, 2008 VT 75, ¶ 14 (citing V.R.C.P. 56(e)); In re Geddes PUD Conditional Use Application, No. 293-12-08 Vtec, slip op. at 5 (Vt. Envtl. Ct. Apr. 21, 2009) (Wright, J.).

Defendant owns property at 1166 Main Street in the Town of Fairfax. Material facts may not actually be disputed, but have not been established, as to the zoning district in which the property is located, and as to whether the "rooming and boarding house" use category is a permitted use or a conditional use in the zoning district in which the property is located.

The property contains at least a house, which is the subject of the issues in these cases. Defendant has used the house as a place in which to live, raise a family, and do

business, since February 5, 1999.  Material facts may not actually be disputed, but have not been established, as to whether or during what periods Defendant has personally occupied the house during the period from June 12, 2008, to the present.

A Notice of Violation was served on Defendant on June 5, 2008, informing him that he was in violation of the Zoning Bylaws by using the house on the property as a rooming and boarding house without obtaining a permit in accordance with § 2.2.A of the Zoning Bylaws.

It is important to note that this litigation does not address or resolve whether the property would qualify for approval, either as a permitted use or as a conditional use, if Defendant were to apply for a zoning permit for a rooming and boarding house use for the property.  If Defendant wished to apply for such a permit, the application would go to the zoning administrator if the use is a permitted use in the district (and would go to the DRB if the use is a conditional use in the district) in the first instance, not to the Court.  Any additional required approvals, such as site plan approval or any water or wastewater approvals, are also not before the Court in the present litigation.  Any action on such a permit application by the DRB could later be appealed to this Court, but is not before the Court in the present litigation.

On the other hand, if Defendant wishes to revert or has already reverted to a single-family use of his residential property, whether or not he lives in it himself or rents it out, his use of the property as a single-family residence is relevant to the questions in the present litigation of when the violation has ceased or will cease, and whether any injunctive relief is necessary.  All that is before the Court in this litigation is whether there was a violation due to the change of use of the property from a single-family use to a rooming and boarding house use, without the owner's having obtained a zoning permit for that change.

As detailed in the following paragraph, Defendant received payments from specific occupants of the house, to supply them with sleeping accommodations at the

3

property. Defendant did not apply for a zoning permit to use the property as a rooming and boarding house. Therefore summary judgment must be granted to the Town in Docket No. 193-8-08 Vtec that there was a violation from at least June 12, 2008, through and including May 10, 2009, upholding the Notice of Violation and concluding Docket No. 193-8-08 Vtec, and granting summary judgment to the Town as to the fact of the violation in Docket No. 274-11-08 Vtec.

For each of the following persons who paid for the use of sleeping accommodations at the property, the total payment is prorated to provide a daily rate, for the purpose of calculating an amount obtained by Defendant from each occupant during the period from June 12, 2008, seven days after the notice of violation, to the cessation of occupancy (or to the May 10, 2009 date of the information, whichever occurred later):

Aaron Beliveau –

dates of occupancy: Jan. 1, 2007 through Oct. 15, 2008 (653 days)

total amount paid:   $6,904

prorated daily rate: $10.57/day

number of days within violation period: 125

amount paid attributable to violation period:   $1,321.59

Nicole Rivers –

dates of occupancy: Jan. 1, 2007 through Oct. 15, 2008 (653 days)

total amount paid:   $2,150

prorated daily rate: $3.29/day

number of days within violation period: 125

amount paid attributable to violation period:   $411.56

Ryan Beliveau –

dates of occupancy: Jan. 1, 2007 through Dec. 31, 2008 (730 days)

total amount paid:   $8,724

4

prorated daily rate: $11.95/day

number of days within violation period: 202

amount paid attributable to violation period:    $2,414.04

Adam Bosworth –

dates of occupancy: Jan. 1, 2007 through May 10, 2009 (860 days)

total amount paid:   $11,600

prorated daily rate: $13.49/day

number of days within violation period: 332

amount paid attributable to violation period:    $4,478.14

Eric Bessett –

dates of occupancy: Jan. 1, 2007 through May 10, 2009 (860 days)

total amount paid:   $4,430

prorated daily rate: $5.15

number of days within violation period: 332

amount paid attributable to violation period:    $1,709.80

Rob Boutin –

dates of occupancy: Jan. 1, 2007 through July 31, 2007, plus May 1, 2008

through May 10, 2009 (585 days)

total amount paid:   $6,540

prorated daily rate: $11.18

number of days within violation period: 332

amount paid attributable to violation period:    $3,711.59

Brian Metcalf –

dates of occupancy: Dec. 1, 2008 through Jan. 31, 2009 (61 days)

total amount paid:   $733

prorated daily rate: $12.02

number of days within violation period: 61

5

amount paid attributable to violation period:     $733

Larry Lovely –

dates of occupancy: Feb. 2 through May 10, 2009 (97 days)

total amount paid:   $950

prorated daily rate: $9.79

number of days within violation period: 97

amount paid attributable to violation period:     $950

Material facts may not actually be disputed, but have not been established, as to whether any occupancy, and/or any payments from any occupants, continued after May 10, 2009, which was the date on which Defendant responded to interrogatories regarding the occupants and payments to Defendant.

As of June 23, 2009, the date of the summary judgment motion, the Town had expended $2,499 in attorney's fees and $250 in costs in connection with Docket No. 274-11-08 Vtec, and had expended an additional $1,998 in attorney's fees in connection with Docket No. 193-8-08 Vtec.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Summary Judgment is GRANTED in PART, as to the existence of the violation, concluding Docket No. 193-8-08 Vtec,[1] and as to the periods of occupancy and amounts of payments for that occupancy received by Defendant for rooms at the property, and as to the amounts expended by the Town regarding attorney's fees and costs of this litigation.

Summary judgment is also GRANTED in favor of the Town as to the appropriate injunctive relief:   Defendant shall immediately cease the use of the property as a

---

[1] To avoid any issue of piecemeal appeals, the Court will postpone entering judgment in Docket No. 193-8-08 Vtec until a judgment order is entered in Docket No. 274-11-08 Vtec.

boarding and rooming house, until and unless he obtains a zoning permit and any other necessary approvals required by the Zoning Bylaws, to conduct such a use on the property.

Summary judgment is DENIED as to the appropriate amount of a penalty; material facts are in dispute or at least have not yet been established in support of the factors to be considered by the Court in establishing an appropriate penalty amount.

The trial scheduled for August 20, 2009 ,will still be held, to take evidence on any issues not resolved by this Decision and Order, and in particular to take any evidence either party wishes to present on the monetary factors that should go into the calculation of an appropriate penalty for the time period of the violation.

Done at Berlin, Vermont, this 28th day of July, 2009.

_____
Merideth Wright
Environmental Judge