Mace v. Windsor Hosp. Corp., No. 312-6-11 Wrcv (Hayes, J., Jan. 23, 2013)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**VERMONT SUPERIOR COURT**

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windsor Unit** | **Docket No. 312-6-11** |

| | |
|---|---|
| **Kara L. Mace**<br> **Plaintiff**<br><br>**v.**<br><br>**Windsor Hospital Corporation, d/b/a**<br>**Mt. Ascutney Hospital and Health Center**<br> **Defendant** | |

### Decision on Motion for Summary Judgment

Factual Background

Plaintiff Kara Mace worked for Defendant Windsor Hospital Corp. between 2005 and 2010. Her primary responsibility was to work as a registered orthopedic technician for one Dr. Riley, and to complete certain administrative tasks.  However, she also took on additional responsibilities: in 2007, she began cleaning the office with her husband after hours for an additional weekly payment, and in 2008, she began doing additional medical transcription work for Dr. Riley outside of the office. Plaintiff left the employment of the hospital in 2010. Plaintiff now sues the hospital for failing to pay wages earned (count one) and overtime wages (count two) in violation the Vermont Employment Practices Act.

Plaintiff's cleaning job started when plaintiff's supervisor asked if anyone could recommend someone to clean the office. Plaintiff suggested that she and her husband could clean the office as a separate job for a flat weekly fee. Defendant paid plaintiff for cleaning work first through a separate business that plaintiff created for the purpose, and then through

plaintiff's husband. Plaintiff cleaned the office with her husband outside of office hours and without immediate supervision. Defendant provided plaintiff with cleaning supplies.

Plaintiff began doing after-hours transcription work for Dr. Riley for an hourly fee of eighteen dollars. Between 2008 and 2010, plaintiff completed the transcription work at her house on her own hours. Dr. Riley provided plaintiff with a computer, which had additional security protection for Mt. Ascutney Hospital, to complete the transcription work. Dr. Riley read plaintiff's transcription work product. The parties dispute the degree of control defendant otherwise exercised over plaintiff's transcription work. Plaintiff alleges that the defendant, through the doctor as its agent, controlled all aspects of the work except plaintiff's hours.

Procedural History

Defendant moved for summary judgment under V.R.C.P. 56 on October 1, 2012. Plaintiff opposed the motion for summary judgment on November 5, 2012.[1] Defendant responded to plaintiff's opposition on November 16, 2012. Defendant's motion for summary judgment only addresses plaintiff's claim for overtime payments (count two). Accordingly, the court reserves ruling on whether defendant would be entitled to summary judgment on the claim for wages earned.

Standard of Review

The court will grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3) (2000). The court makes all reasonable inferences and resolves all doubts in favor of the non-

---

[1] The court received Plaintiff's response after the thirty-day window given by V.R.C.P. 56(c)(1) for memoranda opposing motions for summary judgment. Even failure to respond to a summary judgment motion does not entitle the moving party to automatic relief. *Miller v. Merchants Bank*, 138 Vt. 235, 237 (1980). The court must still determine if the moving party is entitled to judgment as a matter of law. See *id*.

moving party. *Lamay v. State*, 2012 VT 49, ¶ 6. Nevertheless, the non-moving party cannot rely solely on the pleadings to rebut credible evidence. *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 5, 175 Vt. 413. Parties opposing summary judgment cannot create a genuine issue of material fact by contracting—by affidavit or other evidence—their own unambiguous deposition testimony. *Johnson v. Harwood*, 2008 VT 4, ¶ 5, 183 Vt. 157.

Discussion

The issue here is whether plaintiff was acting as the defendant's employee or as an independent contractor while cleaning the office and working on transcription.  In most cases, employers must pay overtime rates to employees working more than forty hours in a work week.  21 V.S.A. § 384(b).  The statute provides a general definition of employee: "any individual employed or permitted to work by an employer." *Id*. § 383(2).  The statute does not define independent contractor.

Traditionally, courts distinguished employees from independent contractors based on "the right to control the work." *Crawford v. Lumbermen's Mut. Cas. Co.*, 126 VT. 12, 17 (1966); see also *Hathaway v. Tucker*, 2010 VT 114, ¶ 23, 189 Vt. 126 (applying the right to control test). The "right to control" test involves consideration of whether "the party for whom the work is being done may prescribe the result, means and the methods by which the other shall do the work."  *RLI Ins. Co. v. Agency of Transp*, 171 Vt. 553, 554 (2000) (mem).  If the answer to this question does not provide a clear answer, the court may then look to other factors suggested by the Restatement (Second) of Agency, § 220, including whether the worker supplies her own tools and place of work, whether the method of payment is by time or by job, whether the work is a regular part of an employer's business, and the length of the employment. *Id.*

3

Additional factors that may be relevant include whether the worker has contracts with third parties, whether the worker and the party for whom work is being done have the ability to terminate the relationship without liability, and how each characterizes the funds paid for the services provided for tax purposes. *Id.* at 554-555.

Here, even when the facts are viewed in the light most favorable to plaintiff, her work cleaning the office did not fall within her employment at Mt. Ascutney. There is no indication that defendant exercised any significant degree of control over plaintiff's cleaning work. Moreover, cleaning an office is ancillary to medical work; defendant did not directly pay plaintiff; and plaintiff characterized her work as an independent business for tax purposes. Although plaintiff did not clean other offices, the other factors mentioned above indicate that she was an independent contractor while cleaning.

Whether plaintiff's transcription work fell within her employment at Mt. Ascutney is a closer question. The parties dispute plaintiff's degree of independence in performing this work. Plaintiff completed the transcriptions outside of work hours without immediate oversight from her supervisors, but her supervisor read the work product, and, in fact, transcription work is central to the operation of a doctor's office. Plaintiff did not contract with third-parties. Plaintiff billed for the transcription work under her husband's name. The undisputed facts fall on both sides of the test as to this work, and the parties dispute the degree of control exercised by defendant over plaintiff's transcription work. Under these circumstances, the court must draw reasonable inferences in favor of plaintiff, and conclude that there is a genuine issue for trial as to whether plaintiff was an employee or an independent contractor while completing transcription work. See *Lamay*, 2012 VT 49, ¶ 6.

4

**Order**

Defendant's motion for summary judgment is *granted in part* and *denied in part*. Defendant's motion for summary judgment on whether Plaintiff was an employee while cleaning the office is *granted*. Defendant's motion for summary judgment on whether plaintiff was an employee while conducting transcription work is *denied*.

Dated at Hartford, Vermont on January        , 2013.

Katherine A. Hayes
Superior Court Judge