Tobin v. Maier Elec., Inc. et. al., No. 66-2-12 Bncv (Wesley, J. May 15, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT                                           CIVIL DIVISION
Bennington Unit                                          Docket No. 66-2-12 Bncv

---

## Betty Tobin vs. Maier Electronics, Inc. et al

---

## ENTRY REGARDING MOTION

Count 1, Wrongful Employment Termination (66-2-12 Bncv)
Count 2, Wrongful Employment Termination (66-2-12 Bncv)
Count 3, Wrongful Employment Termination (66-2-12 Bncv)

| | |
|---|---|
| Title: | Motion for Summary Judgment (Motion 5) |
| Filer: | Maier Electronics, Inc. |
| Attorney: | Joel P. Iannuzzi |
| Filed Date: | February 26, 2014 |

Response filed on 04/21/2014 by Attorney Jeremy Dworkin for Plaintiff Betty Tobin
Response filed on 04/24/2014 by Attorney Joel P. Iannuzzi for Defendant Caroline Maier

| | |
|---|---|
| Title: | Motion for Protective Order (Motion 6) |
| Filer: | Maier Electronics, Inc. |
| Attorney: | Joel P. Iannuzzi |
| Filed Date: | April 2, 2014 |

Response filed on 04/07/2014 by Attorney Jeremy Dworkin for Plaintiff Betty Tobin

**The motion for Summary Judgment is GRANTED IN PART and DENIED IN PART; the motion for Protective Order is DENIED**

### Opinion & Order
### Granting in Part and Denying in Part Defendants' Partial Motion for Summary Judgment and Denying Defendants' Motion for a Protective Order

### Background

Plaintiff sues her former employer, Maier Electronics, and Siegfried Maier and Caroline Maier for violating Vermont's Fair Employment Practices Act (VFEPA), wrongful termination, intentional infliction of emotional distress, and civil assault and battery. Allegedly, Siegfried harassed Plaintiff and later terminated her employment. Caroline knew of the harassment, called Plaintiff a whore, accused Plaintiff of having an affair with Siegfried, and participated in the decision to terminate Maier.

## Procedural History

On February 26, 2014, Defendants filed a motion for partial summary judgment Defendants seek to have Caroline removed from this action. They argue there is no evidence Caroline participated in terminating Plaintiff, Caroline's rude statements are insufficient to constitute sex discrimination, and the statements are insufficient to be intentional infliction of emotional distress. On April 21, 2014, Plaintiff opposed the motion. Plaintiff stipulated the Court may dismiss Count II (wrongful termination) as against Caroline. However, Plaintiff submitted an affidavit detailing Caroline's supervisory role and further explaining rude statements Caroline made to Plaintiff. Plaintiff also attached four exhibits that suggest Caroline had a management role in the company. On April 24, 2014, Defendants responded and noted the Court should not consider Caroline's affidavit because it is inconsistent with her deposition testimony and raised facts for the first time in opposition to summary judgment.

On April 2, 2014, Defendants moved for a protective order under V.R.C.P. 26(c)(4). Defendants seek to limit deposition questions of Christopher Maier. Defendants concede Christopher is a fact witness; however, Defendants seek to prevent questions about asset transfers and other property interests held by Maier Electronics or its owners. On April 7, 2014, Plaintiff opposed the protective order. Plaintiff argued there is no good cause to issue a protective order and the information about assets could be relevant to collection.

## Standard of Review

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635. Nevertheless, the non-moving party cannot rely solely on the pleadings to rebut credible evidence. *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 5, 175 Vt. 413.

## Discussion

*Undisputed Facts*

Defendants submitted a statement of undisputed facts and portions of a deposition of Plaintiff. In that deposition, Plaintiff admitted she knew Caroline "was not the boss" and described Caroline as a "coworker." Deposition of Betty Tobin at p. 39, 41. She also testified Caroline made two "unsavory or inappropriate comments," calling Plaintiff a whore and accusing Plaintiff of having an affair with Siegfried. *Id.* at 49. Plaintiff admitted she knew Caroline did not have the power to hire or fire employees. *Id.* at 54. Further, Plaintiff thought Caroline's actions were directed at Plaintiff as an individual and not as a woman. *Id.* at 225–226. In the amended complaint, Plaintiff's claims against Caroline for sex discrimination relate to the incident of calling Plaintiff a whore and accusing Plaintiff of having an affair with Siegfried.

Plaintiff attempted to dispute many of the facts asserted by Defendants. Plaintiff attached four exhibits signed by Siegfried, or Siegfried and Caroline, which suggest Caroline had management power in the company. The exhibits include: a letter, dated December 30, 2010, about employee benefits signed by Siegfried and Caroline; a document signed by Siegfried,

dated December 21, 2011, that gives Caroline power to make decisions for the business; a memorandum, dated December 30, 2011, telling employees to fill out production sheets, signed by Siegfried and Caroline; and, a letter, dated January 25, 2012, informing Plaintiff that she is still an employee of Maier Electronics, signed by Siegfried, Caroline, Sheryl Letourneau, Erich Maier, Christopher Maier, and Alex Maier. Plaintiff also attached an affidavit where she claimed numerous other examples of Caroline's behavior to Plaintiff, including accusations of blackmailing and falsifying timecards and punching Plaintiff.

The Court gives no weight to Plaintiff's statements made in her affidavit that contradict her deposition testimony. "Parties opposing summary judgment cannot create a genuine issue of material fact by contradicting—by affidavit or other evidence—their own unambiguous deposition testimony." *Johnson v. Harwood*, 2008 VT 4, ¶ 5, 183 Vt. 157; *but see Baldwin v. Upper Valley Servs., Inc.*, 162 Vt. 51, 58 (1994) (cautioning trial courts not to dismiss self-serving affidavits on summary judgment because they often require factual determinations). Plaintiff's affidavit contradicts her deposition testimony by raising additional facts suggesting discrimination by Caroline. Other than being called a whore, accused of having an affair with Siegfried, and being terminated for retaliation, the Court cannot accept Plaintiff's claim that she suffered additional acts of sex discrimination by Caroline. *See Johnson*, 2008 VT 4, ¶ 5. On the other hand, the exhibits supporting inferences that Caroline managed the company are evidence establishing disputed facts.

*Vermont's Fair Employment Practices Act (Count I)*

The VFEPA provides employees with several protections. *See* 21 V.S.A. § 495. Under 21 V.S.A. § 495(a)(1), an employer may not discriminate against a person based of sex. "'Sexual harassment' is a form of sex discrimination and means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature…" 21 V.S.A. 495d(13). Under 21 V.S.A. § 495(a)(8), an employer may not retaliate against an employee who opposes sex discrimination. At the time of filing, 21 V.S.A. § 495(a)(5) covered retaliation. Under 21 V.S.A. § 495h, employers have an obligation to prevent sexual harassment in the workplace. An employee may sue her supervisor and co-workers under VFEPA. *Payne v. U.S. Airways, Inc.*, 2009 VT 90, ¶¶ 8–9, 186 Vt. 458.

The first issue is whether Caroline discriminated against Plaintiff because of her sex. To claim sex discrimination through sexual harassment, Plaintiff must show she received sexual advances or other verbal or physical conduct of a sexual nature. 21 V.S.A. 495d(13). Derogatory language that is sex specific may be enough to show sexual harassment if there is a consistent pattern of abuse. *See Windsor v. Hinckley Lodge, Inc.*, 79 F.3d 996, 1000–01 (10th Cir. 1996). Isolated instances of incidents of abusive language, offhand comments, and teasing are not sufficient to show sexual harassment. *See Faragher v. Boca Raton*, 524 U.S. 775, 787–88 (1998).

Caroline's conduct is not sufficient to meet the elements demonstrating sexual harassment. There are only two instances the Court considers: calling Plaintiff a whore and accusing Plaintiff of having an affair with her husband. These statements are not blatantly sexual in nature, as distinguished from being rude or insulting. They did not occur in the context of requests for sexual favors or unwelcome sexual advances. See, 21 V.S.A. § 495d(13). Plaintiff also admitted these statements were directed at her personally, and not as a woman.

3

Even were Caroline's use of the epithet "whore" interpreted as having some sexual connotation, a single instance of calling Plaintiff a whore cannot equate to a consistent pattern of abuse that might show sexual harassment. *See Windsor*, 79 F.3d at 1000–01 (holding a pattern of name calling can be sexual harassment). Instead, these are two isolated incidents that are not sufficiently severe to be sexual harassment as a matter of law. *See Faragher*, 524 U.S. at 787–88.

Plaintiff also claims Caroline retaliated against Plaintiff for complaining of sex discrimination. The Vermont Supreme Court considered similar claims of sexual harassment and retaliation in *Beckmann v. Edson Hill Manor, Inc.* See 171 Vt. 607, 607 (2000) (mem.). In *Beckmann*, the plaintiff worked as a waitress and received two inappropriate remarks from a chef. *Id.* The chef asked, "Did you get laid today?" and stated, "You know, you've got a really nice ass." *Id.* After the waitress indicated she thought the comments were sexual harassment, the chef also joked that he should not talk to her. *Id.* After a bench trial, the trial court found these comments were not enough to be sexual harassment, nor did the evidence support a finding that the employer sanctioned adverse consequences to plaintiff in retaliation for complaining of sexual harassment. *Id.* The Vermont Supreme Court affirmed the trial court's determination. *Id.* at 609.

In analyzing the claim of retaliation, the Supreme Court held: "A prima facie case for retaliatory discrimination requires the plaintiff to show that: (1) she was engaged in protected activity, (2) her employer was aware of that activity, (3) she suffered adverse employment action, and (4) there was a causal connection between the protected activity and the adverse employment action." *Id.* at 608. The Court follows a burden-shifting analysis. *Id.* First, a plaintiff must plead all of the elements. *Id.* Second, the employer must offer a non-discriminatory explanation. *Id.* Third, the plaintiff must prove the explanation is a pretext. *Id.*

There are disputed material facts established by the record here that preclude summary judgment on the claim for discriminatory retaliation. Plaintiff asserts she complained of sex discrimination and Caroline and Siegfried were aware of these complaints. These complaints satisfy the first two prongs of the analysis. *See id.* Plaintiff was also terminated from her employment, which is an adverse employment action. *See id.* at 609. The remaining questions are whether a causal connection exists between the complaints and the termination and whether Caroline participated in the decision to terminate Plaintiff.

Taking the evidence in the light most favorable to Plaintiff, the trier of fact could infer a causal connection and Caroline's participation in the decision. There is evidence that Caroline participated in the management of Maier Electronics. Caroline signed policies directed to employees and Siegfried signed a document that gave Caroline power to make decisions for the company. Although Plaintiff admitted Caroline was not formally her supervisor, the evidence of Caroline's participation in managerial decisions and her animus toward Caroline justify submitting to the jury the question of her participation in a retaliatory discharge, particularly since her denial must be judged in consideration of the credibility of her testimony as a whole. Additionally, Plaintiff's termination shortly after receiving a demand letter from Plaintiff's attorney allows an inference of a causal link between the complaint and the adverse employment activity. Thus, Plaintiff can make a prima facie case of retaliatory termination. *See id.* at 608. Assuming Defendant's statement that Plaintiff was fired because of insubordination

4

satisfies the second round of burden shifting, the determination of whether the reason is a pretext will require a jury determination. *See id.*

For the similar reasons, the Court will deny the motion for summary judgment with regard to Plaintiff's claim that Caroline failed to develop a sexual harassment policy under 21 V.S.A. § 495h. There are disputed facts as to whether Caroline was a manager. If she was a manager, then she may have had a duty to develop a sexual harassment policy.

*Wrongful Termination (Count II)*

Defendants also seek summary judgment on the claim for wrongful termination. Plaintiff indicated the claim is duplicative of VFEPA claims (Count I), and stipulated to its dismissal. Therefore, the Court will grant summary judgment on the wrongful termination claim (Count II).

*Intentional Infliction of Emotional Distress (Count III)*

"The elements of an IIED claim are: (1) conduct that is extreme and outrageous, (2) conduct that is intentional or reckless, and (3) conduct that causes severe emotional distress." *Baptie v. Bruno*, 2013 VT 117, ¶ 24. To satisfy the element of outrageousness, the behavior must surpass the bounds of decency that can be tolerated in a civilized society. *See Fromson v. State*, 2004 VT 29, ¶ 15, 176 Vt. 395. Insult, indignities, and annoyances are not extreme and outrageous conduct. *Id.* (quoting *Denton v. Chittenden Bank*, 163 Vt. 62, 66–67 (1994)).

The basis for Plaintiff's claim against Caroline are being called a whore, being accused of having an affair with Siegfried, and later being terminated for complaining of sex discrimination. The circumstances, even taken in a light most favorable to Plaintiff's claim, are not severe enough as a matter of law to qualify as extreme and outrageous. *See id.* Therefore, the Court will grant summary judgment to Caroline on the claim for intentional infliction of emotional distress.

*Protective Order*

Finally, Defendants request a protective order to limit the scope of questioning of Christopher Maier. The Court may issue a protective order to limit the scope of a discovery inquiry if the moving party shows good cause. *See* V.R.C.P. 26(c)(4). Defendants concede Christopher Maier may have relevant information but seek to exclude questions about asset transfers as irrelevant. *See* V.R.C.P. 26(b)(1). Relevance in discovery is not admissibility but the likelihood that the information will lead to admissible evidence. *Id.* Assuming Plaintiff recovers, the assets of Maier Electronics may be relevant to satisfy the judgment. Plaintiff may inquire about the assets and asset transfers of Maier Electronics. The Court does not find good cause to issue a protective order at this point. *See* V.R.C.P. 26(c)(4).

**Order**

5

**WHEREFORE,** it is hereby **ORDERED** :  The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' partial motion for summary judgment. The Court **GRANTS** the motion in regard to the claim that Caroline discriminated against Plaintiff on the basis of sex (part of Count I), Caroline wrongfully terminated Plaintiff (Count II), and Caroline intentionally inflicted of emotional distress on Plaintiff (Count III). The Court **DENIES** the motion with regard to Caroline's alleged retaliatory termination of Plaintiff and Caroline's failure to develop a policy against sexual harassment (part of Count I). The Court **DENIES** Defendants' motion for a protective order.

So ordered.

Electronically signed on May 15, 2014 at 02:22 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Jeremy Dworkin (ERN 4123), Attorney for Plaintiff Betty Tobin
Joel P. Iannuzzi (ERN 3722), Attorney for Defendant Maier Electronics, Inc.
Joel P. Iannuzzi (ERN 3722), Attorney for Defendant Siegfried Maier
Joel P. Iannuzzi (ERN 3722), Attorney for Defendant Caroline Maier
Stephen L. Saltonstall (ERN 3215), Attorney for party 1 Co-counsel
Neutral Mediator/Arbitrator/Evaluator Arthur J. O'Dea