## STATE OF VERMONT

| | | |
|---|---|---|
| SUPERIOR COURT | | CIVIL DIVISION |
| Washington Unit | FILED | Docket No. 330-10-20 Wncv |

James H. Hart,
James H. Hart,
      Plaintiffs

**MAR 19 2021**

VERMONT SUPERIOR COURT
WASHINGTON CIVIL

v.

Town of Bradford, Vermont,
Bradford Police Department,
Gene H. Martin,
Jeffrey Stiegler,
David White,
Orange County Sheriff's,
      Defendants

### DECISION ON MOTION

---

### Regarding All Pending Motions

Plaintiff James H. Hart alleges that Defendants the Town of Bradford and its police department, two of its police chiefs, Gene H. Martin and Jeffrey Stiegler, the Orange County Sheriff's Office (OCSO), Vermont State Police Trooper David White, and the State of Vermont have harassed him in various ways over the years starting in 2009, when Mr. Hart became embroiled in a boundary dispute with a neighbor (not a defendant here). The vague implication is that they have done so because of the dispute with the neighbor and alignment with the neighbor. According to the complaint, Mr. Hart claims violations of 18 U.S.C. § 242 (count 1); 42 U.S.C. § 1985(3) (count 2); 42 U.S.C. § 1985(2) (count 3); 42 U.S.C. § 1983 (counts 4 and 5); and unspecified "negligence and tort claims" (count 6); "equitable relief" (count 7); and "gross negligence" (count 8). Defendants the Town, Mr. Martin, and Mr. Stiegler each have filed substantially similar motions to dismiss. Mr. White and the State have filed a joint motion to dismiss. The OCSO has filed a motion for summary judgment. All Defendants' motions address all claims in the complaint.

This case is complicated by the manner in which the complaint was drafted. Mr. Hart has been represented by Attorney Brice Simon throughout the litigation of this case. However, the complaint apparently was drafted pro se by Mr. Hart himself. Only Mr. Hart signed it. Attorney Simon did not. See V.R.C.P. 11(a) ("Every pleading, written motion, and other document that requires a signature shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."). The complaint was "verified" by Mr. Hart's "oath to the truth of the allegations." *Johnson v. Harwood*, 2008 VT 4, ¶ 3, 183 Vt. 157. Mr. Hart's signature on the complaint is notarized by Attorney Simon, who also filed the complaint with the court along with his notice of appearance for Mr. Hart. An affidavit was also filed. Perhaps the pro se drafting explains in part why, rather than the "simple, concise, and direct" pleading required by the rules, V.R.C.P. 8(e)(1), the complaint instead is nearly 100 paragraphs of scattershot factual allegations, most

of which are extraordinarily conclusory and vague. The legal claims are no less vague. Despite this, Attorney Simon never amended the complaint to clarify Mr. Hart's claims.

As a preliminary matter, in response to Defendants' motions, Mr. Hart has sought to "consolidate" the motions, convert the dismissal motions to summary judgment motions, and hold an evidentiary hearing at which he proposes that the court will take evidence and conclude that the facts are disputed or for some other reason. These requests all are denied. The court is unfamiliar with any practice of consolidating motions, or what doing so might accomplish in this case, and there is nothing to consolidate under Rule 42. The court can convert a motion to dismiss to one for summary judgment in appropriate circumstances, Rule 12(b), but there is no evident utility in doing so here, and Mr. Hart does not say why thinks it might be a good idea. Regardless, in no event would the court hold an evidentiary hearing to determine whether the facts are disputed under either Rule 12(b)(6) or Rule 56 or to establish any fact. Disputes of fact are irrelevant under Rule 12(b)(6) and they must be demonstrated under Rule 56(c) by statements of fact and appropriate evidence in the record.

### Count 1—18 V.S.A. § 242

All Defendants seek dismissal of Mr. Hart's claim of a violation of 18 U.S.C. § 242 because it is a criminal statute and there is no private right of action under it. Section 242 is the "criminal analogue" to 42 U.S.C. § 1983. *Powell v. Kopman*, 511 F.Supp. 700, 704 (S.D.N.Y. 1981). As such, there is no private right of action under it. *Id.* This claim is dismissed as to all Defendants.

### The Town's, Mr. Martin's, and Mr. Stiegler's Motions to Dismiss

The Town, Mr. Martin, and Mr. Stiegler all argue that all other claims are foreclosed by the relevant statute of limitations. They do not seek dismissal on any other basis at this time. Mr. Hart responds that none are foreclosed by any statute of limitations because (1) he only realized he had these claims when he won a lawsuit against his neighbor in 2019, (2) the statute of limitations should be tolled for an undisclosed reason, and (3) there is a dispute of fact as to when these Defendants' actions occurred.

A statute of limitations is triggered when the underlying cause of action accrues, not when a party subjectively realizes that he has a claim. "A cause of action accrues when the plaintiff discovers, *or should have discovered*, both the injury and its cause." *Est. of Alden v. Dee*, 2011 VT 64, ¶ 20, 190 Vt. 401 (emphasis added). Mr. Hart's claims in this case all are torts or civil rights violations that he claims directly happened to him. There is nothing about his lawsuit with his neighbor that has any bearing on when these claims would have accrued that the court can tell, and he cites none in opposition to dismissal. The relevant causes of action likely accrued whenever the underlying events happened. Also, there is no apparent basis for any statutory tolling once the limitations period was triggered.

The allegations against these Defendants begin in 2009, long outside the longest potentially applicable limitations period, which would appear to be 3 years, 12 V.S.A. § 512. See V.R.C.P. 9(f) ("For the purpose of testing the sufficiency of a pleading, averments of time and place are material."). However, ultimately, the complaint is too vague to support any

2

determination that the alleged courses of conduct at issue ceased entirely by 3 years prior to the filing of the complaint.

These motions are denied to that extent.

*Mr. White and the State's Motion to Dismiss*

The allegations against Trooper White and the State of Vermont are few. Mr. Hart alleges that in 2009, during an altercation with his neighbor, police arrived, including Mr. White. Mr. White did not involve himself in whatever happened, but he "witnessed the incident." Due to the incident, Mr. Hart called the Vermont State Police (VSP), but they did nothing. In 2010, Mr. Hart reported another incident to the VSP and they again did nothing. Elsewhere, there is a passing reference to some request for records that the State allegedly did not comply with. This request-for-records allegation is too conclusory to support any of the asserted legal claims and, indeed, bears no apparent relevance to any of them. See *Colby v. Umbrella*, Inc., 2008 VT 20, ¶ 10, 184 Vt. 1 (citing *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) for the proposition that "courts [are] not required to accept as true '[c]onclusory allegations or legal conclusions masquerading as factual conclusions' in 12(b)(6) analysis"). These are the only factual allegations in the complaint against Mr. White or the State as far as the court can tell.

Mr. White and the State argue several bases for dismissal, but only one need be addressed. The actions of Mr. White and the State that Mr. Hart has asserted in the complaint occurred in 2009 and 2010. Mr. Hart's complaint in this case was filed in 2020. The statute of limitations, 12 V.S.A. § 512, required Mr. Hart's complaint to be filed within 3 years of the accrual of his claims. Mr. Hart's claims against Mr. White and the State would have accrued when Mr. White "witnessed the incident" in 2009 and the VSP did nothing in response to Mr. Hart's complaints in 2009 and 2010. There is no cogent way in which the discovery rule or any statutory tolling would have extended the accrual of Mr. Hart's cause of action or stopped the statutory period from running such that the complaint in 2020 possibly could have been timely filed.

Mr. White and the State's motion to dismiss is granted on statute of limitations grounds.

*The OCSO's Motion for Summary Judgment*

Unlike the other defendants, the Orange County Sheriff's Office (OCSO) has filed a motion for summary judgment, which is well-supported by a statement of undisputed facts and citations to evidence in the record. Mr. Hart's opposition to summary judgment is largely nonresponsive and is not supported by any statement of disputed facts. See V.R.C.P. 56(c). The OSCO seeks summary judgment on several bases, but again, the only one necessary to address is the statute of limitations.

As far as the allegations go, the OSCO's only apparent connection to this case is that Mr. Martin (who the OSCO describes as the primary target of Mr. Hart's claims in this case) at one point was a deputy within the OSCO, and in 2013 Mr. Hart submitted a records request to it, in the course of which he claims he was threatened with arrest. It is undisputed that Mr. Martin

3

stopped being an OSCO deputy in 2009. There are no cogent allegations that the OSCO did anything else relevant to Mr. Hart's claims.

Again, the statute of limitations, 12 V.S.A. § 512, required Mr. Hart's complaint to be filed within 3 years of the accrual of his claims. Mr. Hart's claims against the OSCO would have accrued no later than 2009, in relation to Mr. Martin, and 2013 in relation to the records request. There is no cogent way in which the discovery rule or any statutory tolling would have extended the accrual of Mr. Hart's cause of action or stopped the statutory period from running such that the complaint in 2020 could have been timely.

The OSCO is entitled to summary judgment on this basis.

## Order

For the foregoing reasons, the dismissal motions filed by the Town, Mr. Martin, and Mr. Stiegler are granted as to count 1 and otherwise denied. Mr. White and the State's motion to dismiss is granted. The OSCO's motion for summary judgment is granted. Any other pending motions are moot.



Robert R. Bent,
Judge