Filed 08/16/25

VERMONT SUPERIOR COURT
Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-03212

**William Lang v. Mountain Green Resort Condominium Association, et al**

## ENTRY REGARDING MOTION

Title:      Motion for Preliminary Injunction  (Motion: 1)
Filer:      William Lang
Filed Date: July 30, 2025

The motion is DENIED.

Plaintiff Lang has filed a preliminary injunction and request for a temporary restraining order in conjunction with his complaint for gross negligence breach of fiduciary duty, intentional infliction of emotional distress, negligent infliction of emotional distress, violations of OSHA standards, and unjust enrichment.

The Vermont Supreme Court has noted that injunctive relief is an extraordinary remedy not routinely granted unless the right to relief is clear. *Committee to Save the Bishop's House v. Medical Hospital of Vermont*, 136 Vt. 213, 218 (1978). A temporary restraining order will only be granted "if it clearly appears from specific facts shown by affidavit . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition." V.R.C.P. 65.  The essential elements for a preliminary injunction require Plaintiffs to address four factors. *Taylor v. Town of Cabot*, 2017 VT 92, ¶ 19.  The moving party must demonstrate: "(1) the threat of irreparable harm to the movant; (2) the potential harm to the other parties; (3) the likelihood of success on the merits; and (4) the public interest."  These factors also apply to a Temporary Restraining Order with an additional requirement that the harm sought to be avoided must be "immediate and irreparable . . . [which] will result to the applicant before the adverse party or that party's attorney can be heard in opposition."  V.R.C.P. 65(a).

Plaintiff's complaint arises from harms that he claims to have suffered as a result of a poorly managed construction project conducted by the Defendants.  Plaintiff claims to have suffered a loss of revenue, loss of reputation as an Airbnb host, and harm to his mental health as a result.

Plaintiff's motion for injunction, however, does not address either the claims or damages. Instead, it seeks to prevent a foreclosure, which has not been filed. Nothing in Plaintiff's motion indicates how such a harm is related to the alleged claims or damages. As such, his motion for both a temporary restraining order and preliminary injunction do not flow from the claims and must fail as a matter of law.[1]

Plaintiff's complaint and motion also fails under the third prong of *Taylor* to demonstrate a likelihood of success on the merits of his claim. The most obvious example is that Plaintiff has filed a claim for negligent infliction of emotional distress, but the complaint does not indicate that Plaintiff was ever put into a zone of danger or similar danger that is an essential element of such claim. *Brueckner v. Norwich University*, 169 Vt. 118, 125 (1999) ("To establish a claim for negligent infliction of emotional distress, a plaintiff must make a threshold showing that he or someone close to him faced physical peril."). Similarly, Plaintiff's motion and complaint provide no evidence that defendants acted with the "heedless and palpable violation of legal duty respecting the rights of others" that is a necessary element of gross negligence. *Kane v. Lamothe*, 2007 VT 91, ¶ 12.

More broadly, Plaintiff bears the burden of proof in a motion for preliminary injunctive relief. As such, he cannot rest on bare allegations to demonstrate facts that must be established before relief can be granted. See *Johnson v. Harwood*, 2008 VT 4, ¶¶ 5, 6 (noting that a party with similar burden may not rest on "mere allegations").

For these reasons, Plaintiff's motion does not demonstrate the necessary connections to his claims or the necessary likelihood of success, and both the motion for a temporary restraining order and preliminary injunction are **DENIED.**

Electronically signed on 8/15/2025 6:42 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge
_____

[1] The Court will note that this ruling does not preclude Plaintiff from raising the affirmative defense of setoff in a foreclosure action if he believes that his failure to pay the homeowner association dues resulted from some of the economic harms alleged here. *Wursthaus, Inc. v. Cerreta*, 149 Vt. 54, 57 (1987).